UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TATIANA LEIBEL,

                              Petitioner,

v.

WARDEN REUBART, et al.,

                              Respondents.

Case No. 2:23-cv-00691-GMN-DJA

**ORDER**

   *Pro se* Petitioner Tatiana Leibel filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 alleging a freestanding actual innocence claim. (ECF No. 1-1 ("Petition").)  Leibel also filed a motion for leave to proceed *in forma pauperis* ("IFP") and a motion for production of documents. (ECF Nos. 1, 1-2.)  This matter comes before the court on initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules").  The court grants Leibel's IFP application, denies the motion for production of documents, and, for the reasons discussed below, directs service of the Petition.

I.     **BACKGROUND**[1]

   Leibel challenges a conviction and sentence imposed by the Ninth Judicial District Court for Douglas County ("state court") in case number 14-CR-0062B. (ECF No. 1-1 at 1–2.)  On April 21, 2015, the state court entered a judgment of conviction, pursuant to a jury trial, for second-

---

[1] The court takes judicial notice of the online docket records of the Nevada appellate courts.  These docket records may be accessed at http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

degree murder with the use of a deadly weapon. (*Id.*)  Leibel was sentenced to 10 to 25 years for the second-degree murder conviction plus a consecutive term of 2 to 5 years for the deadly weapon enhancement. (*Id.* at 2.)  Leibel appealed, and the Nevada Supreme Court affirmed on December 18, 2015.  Remittitur issued on January 12, 2016.

On November 14, 2016, Leibel filed a *pro se* state petition for writ of habeas corpus.  On February 26, 2018, Leibel filed a counseled supplemental petition.  On December 20, 2018, the state court denied Leibel's state habeas petition.  Leibel filed a post-conviction appeal, and the Nevada Supreme Court affirmed on June 24, 2020.  Remittitur issued on July 20, 2020.

Leibel then filed a second state petition for writ of habeas corpus, a petition for genetic marker analysis, and a petition to establish factual innocence.  The state court denied the petitions, and Leibel appealed.  On December 17, 2021, the Nevada Supreme Court affirmed, finding that Leibel's "habeas corpus petition was untimely, successive, and an abuse of the writ, and [Leibel] did not allege good cause to excuse the procedural bars."  The Nevada Supreme Court also found that Leibel "did not demonstrate actual innocence to overcome application of the procedural bars."  Leibel then filed a petition for a writ of certiorari with the Nevada Supreme Court, but the Nevada Supreme Court denied the petition on February 17, 2022.

Leibel then filed a third state petition for writ of habeas corpus.  The state court denied the petition, and the Nevada Supreme Court affirmed on February 16, 2023, finding that "Leibel's postconviction habeas petition was untimely" and "successive because she had previously filed several postconviction habeas petitions."

On or about May 2, 2023, Leibel initiated this federal habeas corpus proceeding.

//

//

2

## II.    DISCUSSION

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).  This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

The court notes, without deciding, that Leibel's Petition appears to be untimely.  The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254.  The one-year limitation period, i.e., 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).  The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Here, it appears that Leibel's conviction became final when the time expired for filing a petition for writ of certiorari with the United States Supreme Court on March 17, 2016.  The federal statute of limitations thus began to run the following day: March 18, 2016.  Leibel timely filed her first state habeas petition on November 14, 2016, tolling the AEDPA clock.  As a result, 241 days elapsed between the finality of the judgment and the filing of the state petition.  The remaining 124 days of the AEDPA limitation period was statutorily tolled during the pendency of all proceedings related to her state petition.  Tolling ended on July 20, 2020, when the remittitur issued

1    for the order of affirmance by the Nevada Supreme Court.  The AEDPA clock restarted the

2    following day: July 21, 2020.  Accordingly, Leibel's AEDPA limitations period expired 124 days

3    later: November 23, 2020.  Even though Leibel filed a second state habeas petition and a third state

4    habeas petition, they would only toll the federal limitations period if they were "properly filed."

5    *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery

6    and acceptance are in compliance with the applicable laws and rules governing filings.").  It does

7    not appear that Leibel's second state habeas petition and third state habeas petition were properly

8    filed because the Nevada Supreme Court affirmed the denial of these petitions because they were

9    untimely and successive.  If Leibel's second state habeas petition and third state habeas petition

10   were not properly filed, the statute of limitations for her federal petition expired on or about

11   November 23, 2020, and the instant petition, filed on May 2, 2023, is untimely on its face.

12        Because (1) Leibel can avoid application of the AEDPA limitation period based upon a

13   claim of actual innocence, and (2) Leibel's Petition is based solely on a freestanding actual

14   innocence claim, the timeliness of the Petition is intertwined with the merits of the Petition.  As

15   such, the court declines to issue an order to show cause on timeliness and instead directs service

16   of the Petition.

17        Turning to Leibel's motion for production of documents, she seeks production of her

18   records from the Ninth Judicial District Court for Douglas County and Nevada Supreme Court.

19   (ECF No. 1-2.)  Because the Respondents are required to file these documents with their answer

20   in accordance with Rule 5 of the Habeas Rules, Leibel's motion is denied as premature.

21   //

22   //

23   //

4

### III.    CONCLUSION

It is therefore ordered that the application to proceed *in forma pauperis* (ECF No. 1) is granted.

It is further ordered that the motion for production of documents (ECF No. 1-2) is denied.

It is further ordered that the Clerk of Court is instructed to (1) file the Petition (ECF No. 1-1), (2) add Nevada Attorney General Aaron D. Ford as counsel for the Respondents, (3) electronically serve the Nevada Attorney General with the Petition (ECF No. 1-1), and (4) electronically provide a copy of this order and all other filings in this matter to the Nevada Attorney General by regenerating the notices of electronic filing.

It is further ordered that the Respondents have 90 days from the date the Petition is electronically served to appear in this action and answer or otherwise respond to the Petition.

It is further ordered that if the Respondents file an answer to the petition, Leibel will have 45 days to file a reply to the answer.  If the Respondents file a motion to dismiss instead of an answer, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice.

It is further ordered that any procedural defenses the Respondents raise in this case must be raised together in a single consolidated motion to dismiss.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.  The Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If the Respondents do seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24

(9th Cir. 2005).  In short, no procedural defenses, including exhaustion, will be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that in any answer filed on the merits, the Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that the Respondents must file the state court exhibits relevant to their response to the petition in chronological order.

It is further ordered that all state court records and related exhibits must be filed in accordance with LR IA 10- 3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter.  The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (e.g., ECF No. 10).  Each exhibit must then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (e.g., Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth).  If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

It is further ordered that courtesy copies of exhibits shall <u>not</u> be provided.

Dated:  May 4, 2023

_____
Gloria M. Navarro, Judge
United States District Court

6