UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TATIANA LEIBEL, | Case No. 2:23-cv-00691-GMN-DJA |
| Petitioner, | **ORDER** |
| v. | |
| WARDEN REUBART, et al., | |
| Respondents. | |

Before the Court is Respondents' motion for leave to file documents under seal. (ECF No. 23). Respondents' motion seeks leave to file eleven exhibits under seal: (1) an *ex parte* application for fees for employment of forensic investigator (ECF No. 24-1), (2) an order authorizing fees for employment of a forensic investigator and to seal pleadings (ECF No. 24-2), (3) an order authorizing additional fees for employment of an investigator and to seal pleadings (ECF No. 24-3), (4) an *ex parte* application for additional investigative fees (ECF No. 24-4), (5) an order allowing the defense to purchase weapon (ECF No. 24-5), (6) an *ex parte* motion for investigative fees (ECF No. 24-6), (7) an *ex parte* motion for investigative fees (ECF No. 24-7), (8) an order granting *ex parte* motion for investigation fees (ECF No. 24-8), (9) an order granting *ex parte* motion for investigation fees (ECF No. 24-9), (10) an *ex parte* motion for expert witness fees (ECF No. 24-10), and (11) an order granting *ex parte* motion for expert witness fees (ECF No. 24-11).

A party must make a particularized showing to overcome the presumption of public accessibility. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). Respondents claim these eleven exhibits should be sealed because the state trial court previously sealed the same documents. (ECF No. 23 at 2.) Although it appears these records were sealed

because they were filed *ex parte*, Respondents do not set forth the trial court's basis for sealing. Indeed, the exhibits do not display any sensitive information, confidential case strategy, material protected by the attorney-client privilege, or personal data identifiers such as social security numbers, date of birth, or financial account numbers. Moreover, the trial court's sealing of these documents does not provide compelling reasons for this Court to automatically do the same. Accordingly, the Court finds no compelling reasons why these exhibits should be sealed.

Respondents have also filed (1) a *nunc pro tunc* motion for extension of time to file index of exhibits and permission to file late index of exhibits, explaining that two volumes of exhibits were filed late due to technical issues and (2) a motion for extension of time (first request) to file their reply to their motion to dismiss. (ECF Nos. 28, 35.) The Court finds good cause exists to grant these motions.

It is therefore ordered that Respondents' motion for leave to file documents under seal (ECF No. 23) is denied. The Clerk of Court is directed to unseal Exhibits 38, 41, 44, 45, 48, 154, 155, 156, 158, 210, and 211 (ECF Nos. 24-1 through 24-11.)

It is further ordered that the *nunc pro tunc* motion for permission to file late index of exhibits (ECF No. 28) is granted. Respondents' exhibits are considered timely filed.

It is further ordered that the motion for extension of time (ECF No. 35) is granted. Respondents have up to and including December 15, 2023, to file their reply to their motion to dismiss.

DATED THIS 20 day of November 2023.

_____
Gloria M. Navarro, Judge
United States District Court