## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

TATIANA LEIBEL,

                         Petitioner,

v.

WARDEN REUBART, et al.,

                         Respondents.

Case No. 2:23-cv-00691-GMN-DJA

**ORDER DENYING MOTION TO DISMISS AND DENYING MOTION TO COMPEL**

**[ECF Nos. 20, 38]**

Petitioner Tatiana Leibel, a Nevada prisoner, has filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 5 ("Petition").)  Currently before the Court is Respondents' motion to dismiss the Petition. (ECF No. 20.)  Leibel responded to the motion, and Respondents replied. (ECF Nos. 31, 40.)  For the reasons discussed below, the motion is denied. Leibel's motion to compel is also before the Court. (ECF No. 38.)

### I.      PROCEDURAL HISTORY AND BACKGROUND

Leibel challenges a conviction and sentence imposed by the Ninth Judicial District Court for Douglas County ("state court").  On April 21, 2015, the state court entered a judgment of conviction, pursuant to a jury verdict, for second-degree murder with the use of a deadly weapon. (ECF No. 19-47.)  Leibel was sentenced to 10 to 25 years for the second-degree murder conviction plus a consecutive term of 2 to 5 years for the deadly weapon enhancement. (*Id*. at 3.)  Leibel appealed, and the Nevada Supreme Court affirmed on December 18, 2015. (ECF No. 27-18.)

On November 14, 2016, Leibel filed a state petition for post-conviction relief. (ECF No. 34-1.)  The state court denied Leibel post-conviction relief on December 20, 2018. (ECF No. 22-2.)  Leibel appealed, and the Nevada Supreme Court affirmed on June 24, 2020. (ECF No. 22-26.)

Remittitur issued on July 20, 2020. (ECF No. 22-27.)  On November 9, 2020, Leibel filed a second state petition for post-conviction relief. (ECF No. 22-30.)  The state court denied the petition on January 22, 2021. (ECF No. 30-14.)  Leibel appealed, and the Nevada Supreme Court affirmed on December 17, 2021. (ECF No. 34-36.)  After denying a motion for reconsideration and motion for *en banc* reconsideration, remittitur issued on February 7, 2022. (ECF No. 34-44.)  On March 21, 2022, Leibel filed a third state petition for post-conviction relief. (ECF No. 33-24.)  The state court denied the petition on June 6, 2022. (ECF No. 25-4.)  Leibel appealed, and the Nevada Supreme Court affirmed on February 16, 2023. (ECF No. 25-16.)  After denying a motion for rehearing and motion for *en banc* reconsideration, remittitur issued on May 9, 2023. (ECF No. 25-25.)

Leibel's commenced this federal habeas action on May 2, 2023. (ECF No. 1.)  In her sole ground for relief, Leibel raises a "due process claim of actual innocence based on newly discovered evidence." (ECF No. 5 at 3.)  Leibel's new evidence includes (1) crimes scene pictures, showing movement of the furniture which supported her contention that the victim had committed suicide, (2) four unknown DNA samples had been collected from the weapon, and (3) the fact that law enforcement never verified the telephone activity records. (*Id*.)  Respondents contend that (1) an actual innocence claim is not cognizable in federal habeas, (2) the Petition is untimely, and (3) the actual innocence claim is unexhausted and/or procedurally defaulted. (ECF No. 20.)

## II.    DISCUSSION

### A.    Cognizable actual innocence claim

The Antiterrorism and Effective Death Penalty Act ("AEDPA") "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)).  When conducting habeas review, a federal court is limited to deciding whether a conviction violates the Constitution,

laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable in federal habeas. *McGuire*, 502 U.S. at 68.

The Supreme Court has not decided whether there is a freestanding claim of actual innocence under federal constitutional law. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). Given the open nature of this question, the Court concludes that this cognizability argument is more appropriately addressed in connection with the merits of Leibel's Petition. Therefore, Respondents' motion to dismiss the Petition as not cognizable is denied without prejudice. Respondents may renew this argument in their answer to the Petition.

### B.    Timeliness

AEDPA establishes a one-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period, *i.e.*, 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Leibel's conviction became final when the time expired for filing a petition for writ of certiorari with the United States Supreme Court on March 17, 2016. The federal statute of limitations thus began to run the following day: March 18, 2016. Leibel timely filed her first state habeas petition on November 14, 2016, tolling the AEDPA clock. As a result, 241 days elapsed between the finality of the judgment and the filing of the state petition. The remaining 124 days

of the AEDPA limitation period was statutorily tolled during the pendency of all proceedings related to Leibel's first state habeas petition. Tolling ended on July 20, 2020, when the remittitur issued for the order of affirmance by the Nevada Supreme Court. The AEDPA clock restarted the following day: July 21, 2020. Accordingly, Leibel's AEDPA limitations period expired 124 days later: November 23, 2020. Even though Leibel filed a second state habeas petition and a third state habeas petition, they did not toll the federal limitations period because they were not "properly filed" due to being found untimely and successive by the state courts. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."). The statute of limitations for Leibel's Petition thus expired on or about November 23, 2020, and the instant Petition, filed on May 2, 2023, is untimely on its face.[1]

Leibel appears to concede that her Petition is untimely but asserts that she can overcome any procedural bar because she can show actual innocence. (ECF No. 31 at 2–10.) AEDPA's one-year limitation period is subject to equitable exceptions "in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" after the statute of limitations has expired. *McQuiggin*, 569 U.S. at 386. To be credible, an actual innocence claim "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence,

---

[1] And even if Leibel's second state habeas petition and third state habeas petition were properly filed, her Petition would still be untimely. 111 days elapsed between the restarting of the AEDPA clock after Leibel's first state habeas proceedings and the filing of her second state habeas petition. Leibel's AEDPA clock was then tolled until February 7, 2022, when the remittitur issued on her second state habeas petition. At this point, Leibel only had 13 days left on her AEDPA clock. However, Leibel did not file her third state habeas petition until 41 days after her second state habeas proceedings concluded. As such, her third state habeas petition could not have tolled her AEDPA clock, which, under this analysis, expired on February 21, 2022, making the instant Petition, filed on May 2, 2023, untimely on its face.

trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "When an otherwise time-barred habeas petitioner 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error,' the Court may consider the petition on the merits." *Stewart v. Cate*, 757 F.3d 929, 937 (9th Cir. 2014) (quoting *Schlup*, 513 U.S. at 316). The Supreme Court has cautioned, however, that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329); *House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met).

In their motion to dismiss, "Respondents request[ed] that this Court defer determination of whether Leibel has established her actual innocence until Respondents have the opportunity to fully brief the merits of Leibel's" actual innocence claim "[i]f this Court finds that Leibel does in fact rely on actual innocent to overcome the statute of limitations." (ECF No. 20 at 10.) Because this Court must assess Leibel's allegedly new evidence in light of the evidence of guilt adduced at trial, this Court grants Respondents' request and defers consideration of whether Leibel's actual-innocence gateway—and thus, her Petition—is meritorious until this Court's merits review.

### C. Exhaustion and procedural default

Leibel raised an actual innocence claim during her second state habeas proceedings, and the Nevada Supreme Court affirmed the denial of relief on that claim. (*See* ECF No. 34-36 at 2.) In its decision, the Nevada Supreme Court stated the following:

> Appellate further did not demonstrate actual innocence to overcome application of the procedural bars because she did not identify any new evidence, and

consequently, did not show that "it is more likely than not that no reasonable juror would have convicted [her] in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (internal quotation omitted); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001), *abrogated on other grounds by Rippo v. State*, 134 Nev. 411, 423 n.12, 423 P.3d 1094, 1097 n.12 (2018). . . . And appellant's petition to establish factual innocence failed to identify any new evidence that would clearly establish her factual innocence. NRS 34.930 (defining newly discovered evidence).

(ECF No. 34-36 at 2–3.) Additionally, in her third state habeas appeal, the Nevada Supreme Court explained the following:

The actual innocence gateway to reach the merits of a procedurally barred claim requires that Leibel show that "it is more likely than not that no reasonable juror would have convicted [her] in light of . . . new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also Pellegrini*, 117 Nev. at 887, 34 P.3d at 537. In other words, she must show that she is factually innocent. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). As new evidence of her innocence, Leibel proffered photographs of the crime scene and autopsy and a news article regarding the prosecutor's seeking a judgeship. But these materials have previously been presented to the court and thus do not constitute new evidence. And although Leibel relies on these materials to dispute the sufficiency of the evidence presented at trial, none of them provide a basis for us to conclude that no reasonable juror would have convicted Leibel in light of this information. *Cf. Brown v. McDaniel*, 130 Nev. 565, 576, 331 P.3d 867, 875 (2014) (distinguishing actual innocence and insufficient evidence claims). Further, insofar as Leibel argues factual innocence, the materials proffered do not constitute "[n]ewly discovered evidence" to support a petition to establish factual innocence because the materials were previously available. *See* NRS 34.930 (defining the term). . . . The district court therefore did not err in rejecting Leibel's actual innocence claims . . . .

(ECF No. 25-16 at 3–4.)

Because Leibel raised the substance of her current actual innocence claim before the state courts, Respondents' exhaustion argument lacks merit. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) (explaining that a claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings); *Picard v. Connor*, 404 U.S. 270, 276 (1971) (explaining that to

6

1  properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts

2  with the same claim he urges upon the federal court").

3      Turning to Respondents' procedural default argument, a federal court cannot review a

4  petitioner's claim "if the Nevada Supreme Court denied relief on the basis of 'independent and

5  adequate state procedural grounds.'" *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).  In

6  *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with the

7  state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas

8  corpus in federal court by the adequate and independent state ground doctrine. 501 U.S. 722, 731–

9  32 (1991).  A state procedural bar is "adequate" if it is "clear, consistently applied, and well-

10  established at the time of the petitioner's purported default." *Calderon v. United States District

11  Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996).  A state procedural bar is "independent" if the

12  state court "explicitly invokes the procedural rule as a separate basis for its decision." *Yang v.

13  Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003).  A state court's decision is not "independent" if the

14  application of the state's default rule depends on the consideration of federal law. *Park v.

15  California*, 202 F.3d 1146, 1152 (9th Cir. 2000).

16      It is true that Leibel's second and third state habeas petitions were denied on independent

17  and adequate state procedural grounds, namely, NRS 24.726(1) (requiring that state habeas

18  petitions be timely), NRS 34.810(2) (prohibiting successive state habeas petitions), and NRS

19  34.810(1)(b)(2) (addressing waiver of claims that could have been brought on appeal).  However,

20  as noted above, the state courts addressed Leibel's actual innocence claim on the merits.  Indeed,

21  the Nevada Supreme Court concluded that the state court properly denied Leibel's actual

22  innocence claim. (*See* ECF No. 25-16 at 4 (concluding that "[t]he district court therefore did not

23  err in rejecting Leibel's actual innocence claims"); 34-36 at 3 (concluding that Leibel's "petition

7

to establish factual innocence failed to identify any new evidence that would clearly establish her factual innocence").)   In light of the Nevada Supreme Court's finding that Leibel's actual innocence claim lacked merit, the Court does not find that Leibel's actual innocence claim is procedurally defaulted.

## III.   MOTION TO COMPEL

In her motion to compel, filed on November 29, 2023, Leibel discusses Respondents' motion to seal. (ECF No. 38 (citing ECF No. 23).)   First, Leibel's time to respond to the motion to seal expired on November 9, 2023. *See* LR 7-2(b).   Second, this Court has already denied Respondents' motion to seal. (*See* ECF No. 37.)   As such, this Court denies Leibel's motion to compel as moot.

## IV.   CONCLUSION

It is therefore ordered that Respondents' motion to dismiss (ECF No. 20) is denied without prejudice as provided in this Order.

It is further ordered that Leibel's motion to compel (ECF No. 38) is denied as moot.

It is further ordered that Respondents have 60 days from the date of this Order to file an answer to the Petition.  Leibel will then have 30 days following service of Respondents' answer in which to file a reply.

Dated:  December 19, 2023

_____
Gloria M. Navarro, Judge
United States District Court