UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TATIANA LEIBEL,<br><br>        Petitioner,<br><br>v.<br><br>WARDEN REUBART, et al.,<br><br>        Respondents. | Case No. 2:23-cv-00691-GMN-DJA<br><br>**ORDER DENYING MOTION FOR RELIEF UNDER RULE 60b AND GRANTING MOTION TO RELIEVE RESPONDENTS FROM RESPONDING TO FUTURE FILNGS**<br><br>**[ECF Nos. 75, 77]** |

  On March 28, 2024, the Court denied Leibel's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 and denied a Certificate of Appealability. (ECF No. 49.) Judgment was entered, and this case was closed. (ECF No. 50.) On April 5, 2024, Leibel filed a "Motion to Imposes of Denying a Certificate of Appealability." (ECF No. 52.) The Court construed Leibel's Motion as a Motion for Reconsideration of the Court's denial of a Certificate of Appealability. (*See* ECF No. 56 at 1.) This Court then denied the Motion. (*Id*. at 3.) On May 6, 2024, Leibel filed a Motion to Amend the Judgment. (ECF No. 57.) This Court denied the Motion, finding that it was untimely. (ECF No. 60.) On June 5, 2024, Leibel filed another Motion to Amend the Judgment. (ECF No. 64.) This Court denied the Motion, finding that Leibel's renewed request to amend the Judgment was again untimely and that there was no basis to reconsider its prior Order regarding this timeliness issue. (ECF No. 67.) On June 26, 2024, Leibel filed a Motion for Relief under Rule 60. (ECF No. 68.) This Court denied the Motion, finding that Leibel had not demonstrated any basis for this Court to reconsider or alter its previous decision to deny a Certificate of Appealability. (ECF No. 71.) This Court also instructed Leibel to "refrain from continuing to make the same

arguments she has already made in her various post-Judgment Motions before this Court," or "this Court [would] assess whether to restrict Leibel's ability to file documents in this case." (*Id*. at 2.)

Leibel has now filed a Motion for Relief under Rule 60(b). (ECF No. 75.) In her Motion, Leibel "alleges that she is innocent of second-degree murder" because (1) the State failed to disclose the crime scene photograph of the coffee table and (2) the prosecution influenced the jury to disregard her expert's testimony due to his race. (ECF No. 75 at 8–13.) Respondents opposed the Motion and filed a Motion to Relieve Respondents from Responding to Future Pro Se Pleadings. (ECF Nos. 76, 77.) Leibel then filed a reply. (ECF No. 78.)

Under Federal Rule of Civil Procedure 60(b), the Court may relieve a party from a final Judgment or Order for the following limited reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Leibel does not demonstrate any basis for this Court to reconsider or alter its decision denying her Petition on the merits and denying a Certificate of Appealability. Leibel's arguments that the prosecution committed misconduct by improperly influencing the jury and by violating *Brady*[1] may be new arguments that she has not raised before, but these arguments amount to new claims that Leibel should have brought before this Court previously. Leibel may not assert new claims in a post-Judgment motion. Turning to Respondents' Motion, given the amount of post-

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

Judgment Motions filed by Leibel, this Court finds that there is good cause to relieve Respondents from filing a response to Leibel's pleadings unless ordered otherwise by this Court.

It is therefore Ordered that the Motion for Relief under Rule 60(b) (ECF No. 75) is denied. To the extent that it is necessary, a Certificate of Appealability is denied as to Leibel's Motion.

It is further Ordered that the Motion to Relieve Respondents from Responding to Future Pro Se Pleadings (ECF No. 77) is granted.  Respondents need not respond to Leibel's pleadings in this case unless ordered otherwise by this Court.

Dated: August 26, 2024

_____
Gloria M. Navarro, Judge
United States District Court